**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **STEPHANIE H.,**[1] | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 25 C 5328** |
| **v.** | ) | |
| | ) | **Magistrate Judge** |
| **FRANK BISIGNANO, Commissioner of Social Security,**[2] | ) | **Maria Valdez** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendant.** | | |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Stephanie H.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's request to reverse the Commissioner's decision [Doc. No. 22] is granted.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Frank Bisignano is substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On November 7, 2016, Plaintiff filed an application for child DIB and an initial claim for SSI on April 8, 2016. Both claims were denied initially and upon reconsideration. Following a subsequent Appeals Council denial of Plaintiff's request for review, she filed a complaint in the U.S. District Court for the Northern District of Illinois. On February 12, 2021, this Court remanded the case, finding the ALJ's finding that Plaintiff retained full exertional capacity was an obvious error that is wholly unsupported by any record evidence.

On February 4, 2021, while that case was pending before this Court, Plaintiff filed a new application for SSI. The Agency approved the claim on March 15, 2021 based upon an apparent misunderstanding of the February 12, 2021 order of this Court. However, on September 20, 2021, the Appeals Council reopened the claim finding that it was not supported by substantial evidence, and directed the ALJ to consolidate the claim with the existing claims having been remanded.

The consolidated claims returned to the ALJ on November 4, 2022, and the ALJ again for Plaintiff not disabled, and Plaintiff again filed a complaint with this Court. On August 23, 2023, this Court approved an agreed motion for reversal and remand. On May 13, 2024, a different ALJ held a telephonic hearing on April 5, 2024. Plaintiff appeared at the hearing and was represented by counsel. Vocational expert Sara Gibson also testified. This ALJ found Plaintiff was not disabled from March 1, 2012 through the date of that decision.

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity from March 1, 2012 through April 14, 2018. At step two, the ALJ concluded that Plaintiff had the following severe impairments during the relevant time period: obesity; depression/mood disorder/bipolar disorder; anxiety disorder; and borderline personality disorder. The ALJ concluded at step three that her impairments, alone or in combination, do not meet or medically equal a listed impairment. Before step four, the ALJ determined that Plaintiff had the Residual Functional Capacity ("RFC") to perform light work with the following additional limitations: no concentrated exposure to dusts, fumes, gases, or poor ventilation; no concentrated exposure to extremes of cold; simple, routine tasks involving simple work-related decisions and routine changes; no work requiring a specific production rate pace such as assembly line work; occasional interaction with coworkers and supervisors; no more than incidental interaction with the public.

At step four, the ALJ concluded that Plaintiff had no past relevant work. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

## I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if they have an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence,

shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus "limited to ensuring that substantial evidence supported the ALJ's decision and that the ALJ applied the correct legal standards." *Morales v. O'Malley*, 103 F.4th 469, 472 (7th Cir. 2024); *see Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *see Warnell v. O'Malley*, 97 F.4th 1050, 1051 (7th Cir. 2024) ("[S]ubstantial evidence [is] a standard that the Supreme Court has emphasized is light.").

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841. At all times, the burden of

demonstrating disability remains on the claimant. *See Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017). "It is not enough to nitpick the ALJ's order. To warrant reversal, [the claimant] must show that the ALJ's determination was not supported by substantial evidence." *Morales*, 103 F.4th at 471 (explaining further that claimants "must demonstrate with references to evidence why the ALJ's determinations lack substantial support in the administrative record").

ALJs therefore "are subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence . . . or cite support for every proposition or chain of reasoning." *Warnell*, 97 F.4th at 1053. However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). ALJs must "provide an explanation for how the evidence leads to their conclusions that is 'sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the claimant] meaningful judicial review." *Warnell*, 97 F.4th at 1054; *see Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007); *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). Furthermore, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion" but must consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) The ALJ lacks good reasons to discount the consensus opinion of Plaintiff's treating providers; (2) the ALJ ignored a neuropsychology exam; (3) the ALJ ignored evidence of a hand tremor; (4) the ALJ failed to evaluate whether Plaintiff's testimony about her obsessive thinking was consistent with the other evidence in the record; (5) the ALJ failed to evaluate whether Plaintiff's stated incapacity to stand for more than an hour and subsequent need for rest was consistent with the other evidence in the record; and (6) regardless, the ALJ violated SSR 00-4p in deciding that Plaintiff's RFC precluded work on an assembly line but then concluded that Plaintiff could transition to work on an assembly line.

The Court need not explore all of the issues raised by Plaintiff, because the Court has determined that remand is necessary based on the ALJ's failure to discuss Plaintiff's hand tremors alone. Plaintiff reported the hand tremor to her treating psychiatrist, Dr. Camilleri, in 2015, 2016, 2017, 2018, and 2019. In December 2018, Plaintiff specified that the hand tremor prevented her engaging in fine motor activities that she used for coping. At a separate visit to a family medicine doctor that same month, the tremor was verified upon examination as a fine resting tremor and an intention tremor, worse on the left hand. R. 1268. She reported that the tremor interfered with her ability to do origami. She also showed the doctor a video of herself trying to sew a glove and the tremor interfering.

Defendant responds by arguing that the ALJ did not need to discuss the hand tremor because none of the nine opining sources recommended a limitation relating to hand tremors. But as Plaintiff notes, ALJs are not relieved of their duty to weigh objective evidence of record because of the contents of opinion statements. 20 C.F.R. § 404.1520b ("After we review all of the evidence relevant to your claim, we make findings about what the evidence shows."); 20 C.F.R. § 404.1529(c)(2) ("We must always attempt to obtain objective medical evidence and, when it is obtained, we will consider it in reaching a conclusion as to whether you are disabled."); *see also Herron*, 19 F.3d at 333. Because the ALJ did not discuss the hand tremor, the Court cannot know whether the ALJ considered it in determining Plaintiff's RFC. *See Warnell*, 97 F.4th at 1054.

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that the ALJ properly considers all relevant opinions, examinations, and Plaintiff's subjective statements. The ALJ should also ensure that the conclusion regarding work Plaintiff can perform is consistent with her RFC.

## CONCLUSION

For the foregoing reasons, Plaintiff's request to reverse the Commissioner's decision [Doc. No. 22] is granted. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.** **ENTERED:**

**DATE: September 29, 2026**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**